IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 3:24-cv-868 |
| TOWN OF WESTVILLE, and COREY | ) | |
| McKINNEY, Individually and in his Official | ) | |
| Capacity as Town Marshall, | ) | |
| | ) | |
| Defendants. | ) | |

## **C O M P L A I N T**

Plaintiff Joy Phillips, by counsel, respectfully makes her Complaint for Damages and

avers as follows:

## **Nature of Case**

1.  This lawsuit seeks redress from a Town Marshall who terminated Plaintiff's employment

as a Deputy Marshall in violation of her First Amendment rights when she informed the

Town Treasurer and Town Council that the Town Marshall is not a certified police

officer.

## **Jurisdiction**

2.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress Defendants' violations

of their rights under the FirstAmendment to the U.S. Constitution.   This Court has

original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1331 and § 1343.

3.    Venue is proper in the South Bend Division because Plaintiff resides in this division.

**Parties**

4.    Joy Phillips ("Phillips") is an adult citizen of the United States currently residing in St. Joseph County, Indiana.

5.    The Town of Westville is a government unit located in LaPorte County, Indiana.

6.    Corey McKinney is an adult citizen of the United States who resides in LaPorte County, Indiana.  He is sued both individually and in his official capacity as Westville Town Marshall.

**Factual Allegations**

7.    Joy Phillips ("Phillips") is a sworn law enforcement officer with over 20 years of experience.

8.    Phillips began employment with the Town of Westville on May 29, 2024 as a Deputy Marshall.

9.    Phillips met with Town Clerk/Treasurer Lori Hunt ("Hunt") on July 14, 2024 to discuss commercial vehicle ordinances and certifications for deputy marshals.

10.    Hunt's duties include serving as the Town's director of human resources.

11.    In the course of their conversation Hunt revealed that Town Marshall Corey McKinney ("McKinney") had not attended the Indiana Law Enforcement Academy ("ILEA") and did not have a certification that he completed the necessary training to qualify as a sworn police officer.

12.    Hunt showed her McKinney's personnel file, which contained only application for employment, in which McKinney stated that he had completed training comparable to ILEA through the Indiana Department of Correction ("DOC").

13.    Phillips informed Hunt that DOC does not offer certified police officer training and that under Indiana law correctional officers do not have police powers.

14.    Phillips told Hunt that McKinney was not eligible to be Town Marshall.

15.    On July 17, 2024 Hunt told Philips that she attempted to obtain the necessary certifications for McKinney's law enforcement training, along with the certifications for all the deputy marshals, but had not received anything.

16.    Phillips attempted to obtain proof of McKinney's certification as a police officer herself. She called Bryant Orem ("Orem"), a Deputy Director of ILEA, and informed him of her concerns.

17.    Orem told Phillips on August 1, 2024 that McKinney does not possess any certification from ILEA and that DOC's training programs are not sufficient training to become a sworn police officer.

18.    During this period Phillips became concerned from observing McKinney perform his duties that he lacked basic skills that any trained law enforcement officer would know. She also believed that he was getting paid for working hours that he was actually out of town undergoing kidney dialysis.

19.    Phillips reported her findings to Hunt, who became hostile to Phillips and informed her that the Town would not prosecute McKinney.

20.    Phillips was interviewed on August 26, 2021 by an investigator from the LaPorte County Prosecutor's Office, Katie Arnold, and she conveyed to Arnold her concerns about McKinney's lack of certification and ghost employment.

21.    McKinney suspended Phillips' employment as a Deputy Marshall on September 19, 2024.  In a written letter informing her of the suspension, McKiney states the reason for her suspension is that Phillips revealed private personnel matters regarding his certification as a police officer to elected officials and others without his permission.

22.    At no point in her employment by the Town of Westville was Phillips disciplined for poor job performance or for issues other than her statements regarding police officer certification.

23.    The Town of Westville formally terminated Phillips' employment on September 24, 2024 with a vote of the town council's Safety Committee.

24.    Phillips has been damaged by the loss of her employment.

## **Legal Claims**

25.    McKinney's suspension of Phillips constitutes retaliation for Phillips' speech regarding what she reasonably believed to be crimes committed by the Town Marshall, in violation of her rights under the First Amendment.

26. The Town's termination of Phillips at McKinney's recommendation constitutes political retaliation for speech protected by the First Amendment concerning crimes committed by government officials.

### Relief

27. Plaintiff seeks all available relief allowable by law, including punitive and compensatory damages, attorney's fees, and costs.

**WHEREFORE,** Plaintiff prays that the Court will enter judgment against Defendants and grant her all just and proper relief.

Respectfully submitted,

/s/ Jeffrey S. McQuary, 16791-49
TOMPKINS LAW
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@tlawindy.com

Attorney for Plaintiff